104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
George E. JACKSON, Tena Lee Jackson, et al., Plaintiffs-Appellants,
v.
JOHNS-MANVILLE, CORP., Defendant-Appellee.
 No. 96-7644.
 United States Court of Appeals, Second Circuit.
 Dec. 10, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York.
 APPEARING FOR APPELLANT: Zeldonia Q. Jackson, Pro Se Fort Worth, Texas
 APPEARING FOR APPELLEE: David T. Austern Fairfax, VA
 E.D.N.Y.
 AFFIRMED.
 Before Walker and Leval, Circuit Judges and Stanton,* District Judge.
 SUMMARY ORDER
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York (Weinstein, J.), and was submitted.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Zeldonia Jackson, on behalf of her deceased parents, George E. Jackson, Sr. and Tena Lee Jackson, appeals from the judgment of the district court dismissing appellants' challenge to the processing of their asbestos exposure claim.
 
 
 3
 The central issue on appeal focuses on whether the district court properly dismissed appellants' challenge to the Manville Personal Injury Settlement Trust's ("Trust") processing of their asbestos related claim. The district court dismissed the petition holding that it was without "authority" in light of the detailed procedures for handling challenges to the Trust's determinations set forth in the settlement agreement in In re Joint Eastern and Southern Dist. Asbestos Litig., 878 F.Supp. 473, 587 (E. & S.D.N.Y.1995), aff'd in relevant part, vacated and remanded on other grounds, 78 F.3d 764 (2d Cir.1996) ("Asbestos Litigation "). This court approved the current procedure for processing claims against the Trust. See Asbestos Litigation, 78 F.3d 764, 780 (2d Cir.1996).
 
 
 4
 The settlement agreement states that a claimant may challenge the disposition of a claim by electing an individual evaluation of the claim or may choose arbitration. Asbestos Litigation, 878 F.Supp at 582. The agreement further states that "[o]nly claimants who, following individual evaluation, elect nonbinding arbitration and then reject their arbitral awards retain the right to trial against the Trust of the liquidated value, if any, of their claims." Id. at 587.
 
 
 5
 The district court correctly stated that it was without authority to hear appellants' petition, since there exists a court-approved procedure in place for the processing of challenges to the Trust's determination of claims. Further, by dismissing appellants' petition and thereby setting the claim on the track prescribed in the settlement agreement, the district court properly protected appellants' right to pursue litigation after the Trust's procedures are exhausted.
 
 
 6
 Appellants' direct challenge to the terms of the settlement agreement is without merit. The settlement agreement was approved by this court and provides a mechanism for expeditiously processing "Exigent Health Claims" and "Extreme Hardship Claims." Id. at 584-85. Appellants' claim is not an "Exigent Health Claim" or "Extreme Hardship Claim."
 
 
 7
 We have considered all of appellants' contentions on this appeal and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Louis L. Stanton of the United States District Court for the Southern District of New York, sitting by designation